Richard H. Rumsey Cheney City Attorney 1041 North Waco Wichita, Kansas 67203-3998
Dear Mr. Rumsey:
As city attorney for the city of Cheney, you inquire whether the city can purchase a building owned by the Independent Order of Odd Fellows which building adjoins a city owned building. It appears that there are problems arising out of a 1905 agreement between the city's predecessor in interest and the Odd Fellows for the maintenance, use, and occupancy of various portions of the building now owned by the city and it is your opinion that the Odd Fellows have breached the agreement by failing to maintain the second story which creates a hazardous situation for the occupants of the city building. In an effort to avoid litigation, the Odd Fellows have suggested selling its building to the city. Your questions concern whether the city can purchase the building and continue to rent the first floor to the store owner who is currently a tenant under a lease with the Odd Fellows.
As you are aware, the spending authority of a city is always subject to the public purpose doctrine which permits public funds to be spent only for public purposes. Ullrich v. Board of Thomas County Commissioners,234 Kan. 782 (1984). The Ullrich case concluded that the governing body may give public funds to private individuals if the public welfare is promoted. Courts generally will defer to the governing body's determination as to whether or not the expenditure is for a public purpose and courts intercede only if it is clear that the funds will only benefit a private entity. Attorney General Opinion No. 91-53.
It appears that the expenditure of public funds for the purchase of the Odd Fellows building satisfies the public purpose doctrine because the purchase will benefit the citizens of Cheney by deterring litigation with the Odd Fellows, eliminating building hazards and solving the problems of access to the second story of the city owned building.
K.S.A. 12-1736 authorizes any city to purchase a public building and K.S.A. 12-1737 provides a laundry list of financing methods. There is no statutory definition of "public building" and we have found no judicial construction of the term by Kansas courts, however, in prior opinions of this office we have adopted the definition in 12 C.J.S. Building 731 (1980) which defines a public building as a building which "may be fairly deemed to promote a public purpose or to serve a public use where the public congregates in considerable numbers either for amusement or for other purposes". (Attorney General Opinion No. 79-271: a municipal pool is a "public building"; Attorney General Opinion No. 93-3: a medical office building is a "public building".)
You didn't indicate how the city will use this building but as long as it promotes a public purpose or serves a public use for people gathering together it will constitutes a "public building" under K.S.A. 12-1736. In addition, the city can lease the first floor to a store owner under K.S.A. 12-1738(a) which provides in relevant part as follows:
 "Any city owning or hereafter acquiring any public building may, except as otherwise specifically provided by law, lease any such building or any part thereof, when such is not required for city purposes, for a period not exceeding one year at a time, upon such terms and conditions as the governing body may deem to be in the best interest of the city."
In conclusion, a city may expend public funds for the purchase of a building as long as the purchase is for a public purpose. In addition, a city is authorized by statute to purchase a public building and may lease the building or part of it when not required for city purposes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm